CREEK-NEAL COFFEE COMPANY v. MORRISON-HINTON GROCERY COMPANY.

[51 South. 1.]

EVIDENCE. *Written order for goods. Subject to approval. Contract, when approved. Not varied by parol.*

    Parol evidence is not admissible to vary the terms of a written contract of sale; and a written order for goods, subject to plaintiff's approval, given by defendant to plaintiff's travelling salesman, containing the terms of sale, becomes a contract when accepted and approved by plaintiff.

FROM the circuit court of Alcorn county.

HON. EUGENE O. SYKES, Judge.

The Creek-Neal Coffee Company, a corporation, appellant, was plaintiff in the court below; the Morrison-Hinton Grocery Company, a corporation, appellee, was defendant there. From

a judgment in favor of plaintiff, for less than its demand, the plaintiff appealed to the supreme court.

The Creek-Neal Coffee Company sued the Morrison-Hinton Grocery Company for $152.67 for purchase price of certain coffee sold by the coffee company to the grocery company under four similar written orders signed by a travelling salesman of appellant and by appellee. These orders were addressed to appellant coffee company, and contained the following clauses: "Ship to the Morrison-Hinton Grocery Company, at Corinth, Mississippi. When: at once. . . . This order is subject to the approval of the firm. No verbal agreement will be recognized. All conditions of sale must appear on this order." The orders further contained the quantities, qualities and prices of the coffee in question, and there were no other conditions of sale shown on the orders. After receiving and keeping the goods for some months, the grocery company returned most of them, but the coffee company, refusing to accept the same, brought this suit. On the trial the grocery company, over plaintiff's objection, was permitted to introduce testimony as to an alleged parol agreement had with the travelling salesman of the coffee company who had taken the written orders, to the effect that the salesman was to exploit and advertise and sell certain of the coffee for the grocery company's benefit, in order to aid in introducing the same to the retail trade, and to prove that the salesman had failed to perform his part of the agreement. Appellee tendered a small amount of money, $17.14, price of the coffee which had been sold by it, but the appellant coffee company declined to accept the same in full of its demands. The jury returned a verdict in favor of the appellant coffee company for the sum tendered, and judgment therefor, with costs taxed against the appellant coffee company, was thereupon entered.

*Bennett & Sweat,* for appellant.

The order for the goods shows that the appellee cannot successfully rely on a verbal agreement with the agent of appellant

to sell the goods for it. We call the attention of the court to this part of the order: "No verbal agreement will be recognized. All conditions of sale must appear on this order." The appellee is relying, as a defense to this suit, on a verbal agreement which is in direct conflict with the signed order, and which the company's order positively recites will not be recognized. This court will certainly not read something into this contract which the parties in writing agree should not be there.

The contention of learned counsel for appellee that the order signed by appellee is not a contract to receive goods, but only an order to ship, makes a distinction without a difference. *Fulton v. Sword Medicine Co.,* 40 South. 393.

*Candler & Candler,* for appellee.

This is a case to be decided by this court purely on the facts, and the only fact to be determined is whether or not the goods were sold by appellant to appellee; and if the court finds that they were so sold, then appellee is obligated to pay for them, but if there was no sale then they are not obligated to pay for them.

Smith, J., delivered the opinion of the court.

Leaving out of view the authority, or want of authority, of appellant's salesman to make the parol agreement alleged to have been made by him, the terms of the written orders given him by appellee for transmission to his principal cannot be varied by parol testimony. These orders, having been accepted by appellant, clearly constitute contracts of sale. Under the evidence appellant was entitled to a verdict and judgment for the full amount sued for, except, possibly, for the item in appellant's set-off for goods alleged to have been delivered, as to which we express no opinion.

*Reversed and remanded.*